[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11851

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EFRAIN CASADO,
a.k.a. E-4,
a.k.a. Efro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:99-cr-00125-KMM-4

_____

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Efrain Casado, a federal prisoner proceeding *pro se,* appeals the district court's denial of his construed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing the district court erred by failing to respond to his argument that extraordinary and compelling reasons supported his release. The Government responds by moving for summary affirmance, arguing the district court validly determined the 18 U.S.C. § 3553(a) factors overwhelmingly weighed against Casado's release and Casado has abandoned on appeal any challenge to that finding.

Generally, issues not raised in an initial brief are considered abandoned and will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 871-73 (11th Cir. 2022) (*en banc*). If an appellant makes only passing references to an issue, such as mentioning the issue only as mere background to his main arguments or burying it within them, the issue is deemed abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-83 (11th Cir. 2014). When an appellant fails to challenge properly on appeal one of the multiple, independent grounds on which the district court based its judgment, he is deemed to have abandoned any challenge on that ground, and the judgment is due to be affirmed. *Id.* at 680. "While we read briefs filed by *pro se*

litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted).

A district court has no inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237-38.

By not raising in his initial brief any challenge to the district court's determination that the § 3553(a) factors overwhelmingly weighed against his release, Casado has abandoned any such challenge on appeal. *Sapuppo*, 739 F.3d at 680-83; *Timson*, 518 F.3d at 874. Casado devotes no section of his brief to, nor does he make any argument regarding, the district court's § 3553(a) determination. While Casado alludes to his post-sentencing rehabilitation—which his motion in the district court cited as a reason that the § 3553(a) factors supported his release—he mentions it on appeal only in the context of his argument that extraordinary and compelling reasons supported his release. *See* U.S.S.G. § 1B1.13(d)

(providing rehabilitation of the defendant may be considered in combination with other circumstances in an extraordinary and compelling reasons analysis).    Because the only reference to Casado's post-incarceration rehabilitation is made in the context of his extraordinary and compelling reasons argument, even liberally construing his *pro se* brief, Casado has abandoned on appeal any challenge to the district court's finding that the § 3553(a) factors overwhelmingly weighed against his release.  *Sapuppo*, 739 F.3d at 680-83; *Timson*, 518 F.3d at 874.

The district court's determination that the § 3553(a) factors weighed against Casado's release was an independent ground for its denial of his motion for compassionate release. *Tinker*, 14 F.4th at 1237-38.  The Government's position is thus "clearly right as a matter of law." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[1] (stating summary disposition is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous").

Accordingly, the Government's motion for summary affirmance is **GRANTED**.    The order of the district court is **AFFIRMED**.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.